---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-03532-FWS-DSR                    Date: June 26, 2026
Title: Mao v. Warden, Adelanto ICE Processing Center et al

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

|  Rolls Royce Paschal  |  N/A  |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Petitioner:                    Attorneys Present for Respondents:

Not Present                                           Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PETITIONER'S *EX PARTE***
**APPLICATION FOR TEMPORARY RESTRAINING ORDER [2]**

On June 25, 2026, *pro se* Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and an *Ex Parte* Application for Temporary Restraining Order. (Dkt. 1 (Petition); Dkt. 2 ("Application" or "App.").)  Petitioner is currently detained by Immigration and Customs Enforcement ("ICE"), and seeks a temporary restraining order enjoining Respondents from transferring or removing Petitioner pending a hearing on the Petition.  (App. at 5.)

Due to the influx of petitions for writs of habeas corpus filed by those in immigration detention, and to facilitate their expedited resolution, the Central District of California has issued General Order No. 26-05.  (Dkt. 4.)  The General Order provides an expedited briefing schedule on petitions like Petitioner's, under which Respondents' answer to the Petition is due by July 2, 2026, and Petitioner's reply is due no later than 14 days after the answer is served. (*Id.* at 2.)  The General Order further provides that "[a]pplications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule." (*Id.* at 5.)  The General Order goes on to advise that "[i]f the petitioner believes that an application for a temporary restraining order is appropriate, the application . . . must comply with Federal Rule of Civil Procedure 65 and Local Civil Rules 65-1 and 7-19."  (*Id.* at 6.)

In this case, the court finds Petitioner fails to make an adequate showing of "imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule."  (*Id.*)  As another court in this District has explained, "[i]f the generalized

---

**CIVIL MINUTES – GENERAL**                                                    1

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-03532-FWS-DSR                                   Date: June 26, 2026
Title: Mao v. Warden, Adelanto ICE Processing Center et al

harm of detention were sufficient to bypass the standard briefing schedule, nearly every immigration habeas petition filed in this District would warrant an emergency TRO"; "a generalized claim of constitutional deprivation without specific, individualized exigency (e.g., a severe, untreated medical emergency) does not justify granting ultimate relief on an ex parte basis, especially given the expedited briefing schedule in General Order 26-05." *Haiyan Tang v. Warden*, 5:26-cv-01595-DFM, Dkt. 5 (C.D. Cal. Apr. 2, 2026); *see also Argueta v. Secretary of Homeland Security*, 5:26-cv-01687-JLS-E, Dkt. 7 (C.D. Cal. Apr. 7, 2026) (denying TRO based on General Order 26-05); *Chen v. Mullin*, 5:26-cv-01684-MCS-PVC, Dkt. 7 (C.D. Cal. Apr. 8, 2026) (similar).  Moreover, General Order 26-05 already provides that, "Respondent shall provide at least two court days' notice to the petitioner . . . and the Court of its intent to remove the petitioner from the Central District of California."  (Dkt. 4 ¶ 6.)  Accordingly, the court does not find that the relief Petitioner seeks in the Application is necessary given the expedited briefing schedule and notice requirements provided in General Order 26-05.

    For the foregoing reasons, the Application is **DENIED**.  Proceedings on the merits of the Petition will continue consistent with General Order 26-05 before the assigned Magistrate Judge.

_____